## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN C. MORRIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:11cv285 (MRK) |
| | : | |
| CHARLES T. BUSEK, | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

In this case, *pro se* Plaintiff John C. Morris purports to bring claims against Defendant Charles T. Busek, his former attorney, for "contract legal malpractice." Mot. to Amend [doc. # 13] at 8. Mr. Busek filed a Motion to Dismiss [doc. # 8] Mr. Morris's original Complaint [doc. # 1] on April 15, 2011. The Court directed Mr. Morris to either respond to the Motion to Dismiss, or file a motion to amend his Complaint, no later than May 19, 2011. *See* Order [doc. # 9]. On May 18, 2011, Mr. Morris filed a Motion to Amend [doc. # 13], as well as a Motion to Redact [doc. # 14] numerous personally identifying details – including bank account numbers and other financial information – from the amended complaint. This Ruling and Order resolves all of the pending motions in this case.

## I.

The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332. While the underlying actions in this case all appear to have occurred in Connecticut, Mr. Morris is now a citizen of Texas. *See* Compl. [doc. # 1] at 1. Mr. Busek, the only Defendant, is a citizen of Connecticut. *See id.* In addition, Mr. Morris seeks $135,291.73 in damages. *See id.* at 4.

However, there is no other basis for this Court to exercise subject-matter jurisdiction over this case. While Mr. Morris invokes various other jurisdictional statutes – most importantly, 28

U.S.C. § 1331, the federal question jurisdiction statute – those statutes are not applicable here. Because, as the Court explains in further detail below, the only claims asserted in the amended complaint are Connecticut legal malpractice claims, this lawsuit does not arise under federal law. *See Bay Shore Union Free School District v. Kain*, 485 F.3d 730, 734 (2d Cir. 2007).

## II.

The Court GRANTS Mr. Morris's Motion to Amend [doc. # 13] his original Complaint, and GRANTS Mr. Busek's Motion to Redact [doc. # 14]. Pursuant to Rule 15(a)(1) of the *Federal Rules of Civil Procedure*, a party may amend its pleading once as a matter of course either within 21 days of serving it, or within 21 days after service of a Rule 12(b) motion, whichever is earlier. *See* Fed. R. Civ. P. 15(a)(1). Mr. Morris did not file his motion to amend within 21 days after serving it, let alone within 21 days after service of Mr. Busek's Motion to Dismiss. However, the Court specifically directed Mr. Morris that he need not file a motion to amend until May 19, 2011. Mr. Morris complied with the Court's direction, and justice therefore requires that Mr. Morris be permitted the chance to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2). As a result, Mr. Busek's Motion to Dismiss [doc. # 8] is DENIED as moot.

## III.

Where, as here, a plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) permits this Court to dismiss the plaintiff's complaint *sua sponte* at any time if it determines that the action is frivolous or malicious; that the complaint fails to state a claim on which relief may be granted; or that the complaint seeks monetary relief against a defendant who is immune from such relief. *See id.*; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While the Court must read a *pro se* plaintiff's complaint with "special solicitude" and interpret it to raise the "strongest argument[] that [it] suggest[s]," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76

(2d Cir. 2006), even a *pro se* plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see, e.g.*, *O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010) (summary order).

Even as amended, *see* Mot. to Amend [doc. # 13] at 5-8, Mr. Morris's complaint fails to state any claim on which this Court could possibly grant relief. Mr. Morris alleges that Mr. Busek was his attorney from 1997 until February 24, 2005. *See id.* at 5. Mr. Morris alleges that while Mr. Busek was his attorney, Mr. Morris did not receive proper medical care and was "left in a hospital bed for years and years, on massive medication, with no psychiatric care, [and] no pain clinic." *Id.* During that period, Mr. Morris also "had a dental issue . . . [in] which the final result was that [he] had to have *all* his teeth taken out." *Id.* at 6. Mr. Morris was later jailed for passing a "hot" check to the dentist who performed the procedure, and in 2003, his health insurance was cancelled. *Id.* at 7.

The allegations in Mr. Morris's amended complaint are somewhat confusing. But viewing those allegations with the required special solicitude and taking them in the light most favorable to Mr. Morris, *see Triestman*, 470 F.3d at 474-76, Mr. Morris appears to allege that he retained Mr. Busek to help him secure workers compensation benefits and medical and dental insurance benefits, and that Mr. Busek did not succeed in securing those benefits. *See* Mot. to Amend [doc. # 13] at 6 (alleging that Mr. Busek did "nothing and never did resolve conflicts"). Mr. Morris appears to believe that Mr. Busek is liable for the damages arising from the inadequate medical and dental treatment that Mr. Morris received as a result of his poverty and lack of insurance.

Putting aside the issue of how Mr. Busek, as an attorney, could possibly be liable for Mr. Morris's allegedly inadequate medical and dental care, Connecticut law requires that a claim for legal malpractice must be filed "within three years from the date of the act or omission

complained of." Conn. Gen. Stat. § 52-577; *see, e.g.*, *Sin Hang Lee v. Brenner, Saltzman & Wallman, LLP*, 129 Conn. App. 250, 253-54 (2011). Intentional tort claims – which the amended complaint could potentially be read to assert against Mr. Busek – are subject to the same three-year statute of limitations. *See Marchand v. Smith*, 126 Conn. App. 626, 630 (2011). Although Mr. Morris's amended complaint uses the language of contract in an apparent attempt to get around that statute of limitations, "tort claims cloaked in contractual language are, as a matter of law, not breach of contract claims." *Weiner v. Clinton*, 106 Conn. App. 379, 383 (2008) (quoting *Pelletier v. Galske*, 105 Conn. App. 77, 81 (2007)).

Since Mr. Morris alleges that Mr. Busek's representation ended on February 24, 2005, the last day on which Mr. Morris could have filed legal malpractice claims against Mr. Busek was on February 24, 2008. Mr. Morris filed his original Complaint [doc. # 1] on February 23, 2011, far outside the limitations period. There are no facts alleged in the amended complaint which would permit tolling of the statute of limitations. And while the amended complaint contains passing references to five federal statutes, three of those statutes have been repealed, *see* 42 U.S.C. §§ 114, 123, 144; one is a criminal statute that Mr. Morris has no authority to enforce in a civil action, *see* 18 U.S.C. § 241; and one is 42 U.S.C. § 1988, which does not create a cause of action. *See Blow v. Lascaris*, 668 F.2d 670, 671 (2d Cir. 1982). The Court will not read a 42 U.S.C. § 1983 claim into the amended complaint in light of the fact that nothing in the amended complaint indicates that Mr. Busek is a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 319 (1981) (holding that as a general matter, a private attorney is not a state actor, even when a court appoints her to represent a particular client). In sum, the amended complaint cannot reasonably be read as asserting claims other than state legal malpractice and tort claims.

Mr. Morris's amended complaint must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of the fact that Mr. Busek identified the statute of limitations problem in his Motion to Dismiss, and in light of the fact that Mr. Morris's amendments make no attempt whatsoever to address the statute of limitations problem, the court finds that any further amendments would be futile. *See Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007).

## IV.

In sum, the Court GRANTS Mr. Morris's Motion to Redact [doc. # 14]; GRANTS Mr. Morris's Motion to Amend [doc. # 13]; DENIES AS MOOT Mr. Busek's Motion to Dismiss [doc. # 8]; and DISMISSES Mr. Morris's amended complaint *sue sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **The Clerk is directed to enter judgment dismissing Mr. Morris's amended complaint with prejudice and to close this file.**

Finally, on May 20, 2011, Attorney Timothy D. Ward filed a Motion for Leave to Appear [doc. # 15] on behalf of deponents Wausau Insurance Co. and McGann, Bartlett & Brown, LLC. The Court GRANTS that Motion. In light of the fact that the Court is dismissing Mr. Morris's amended complaint with prejudice, the Court GRANTS the pending to Motion to Quash [doc. # 16], also filed by Attorney Ward on May 20, 2011. Mr. Morris shall not seek any further subpoenas or attempt to engage in any further discovery in this case.

IT IS SO ORDERED.

/s/        Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: May 20, 2011.**

5